UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CRISTINE LYONS, on behalf of herself and all other similarly situated individuals, | Case No. _____ |
| Plaintiff, | |
| v. | **COLLECTIVE ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |
| AMERIPRISE FINANCIAL, INC., | |
| Defendant. | |

---

For her Complaint against Defendant Ameriprise Financial, Inc., Plaintiff states and alleges, upon information and belief, and on behalf of herself and all other similarly situated individuals, as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Ameriprise Financial, Inc. ("Defendant") is a foreign corporation with a registered agent at 100 South 5th Street #1075, Minneapolis, MN, 55402. At all relevant times, Defendant has employed Plaintiff and the similalry situated

individuals described herein. At all relevant times, Defendant has employed individuals eneaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203, and has had annual gross operating revenues in excess of $500,000.00.

4.  Plaintiff Cristine Lyons worked for Defendant as a "Customer Service Coach." Plaintiff was paid on an hourly basis and classified by Defendant as a "Band Level 30" employee. Plaintiff worked in Minneapolis, MN, from approximately January 2005 to September 2009. At all relevant times, Plaintiff was Defendant's employee within the meaning of the FLSA, 29 U.S.C. § 203.

5.  Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who are, or were, employed by Defendant as hourly employees, working as "Band Level 30" or "Band Level 25" employees during the relevant statutory period.

## COLLECTIVE ACTION ALLEGATIONS

6.  Plaintiff brings this action on behalf of herself and all other similarly situated individuals as authorized under FLSA, 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A, along with additional consent forms from other individuals desiring to join this lawsuit as "opt-in" Plaintiffs.

7.  The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

8. Defendant routinely suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without receiving proper overtime compensation for all overtime hours worked.

9. Specifically, Defendant did not compensate Plaintiff and the similarly situated individuals for work required to be performed before the beginning of each scheduled shift including, but not limited to, booting up computers and logging onto various software programs. Defendant also did not compensate Plaintiff and the similarly situated individuals for work performed after each scheduled shift including, but not limited to, closing down and rebooting computers. The amount of uncompensated time that Plaintiff and the similarly situated individuals have spent on these required work activities has resulted in unpaid overtime hours being worked by Plaintiff and the similarly situated individuals. This time should have been considered compensable work time, as it is an integral and indispensable part of the principal activities of Plaintiff and the similarly situated individuals and is not de minimis.

10. Defendant knew, or should have known, that Plaintiff and the similarly situated individuals performed work that required overtime pay.

11. Defendant failed to accurately record, report, and/or preserve records of all hours worked by Plaintiff and the similarly situated individuals.

12. Defendant's practices violate the FLSA, 29 U.S.C. § 201 et seq. As a result, Plaintiff and the similarly situated individuals suffered a loss of wages.

13. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because Defendant knew or showed

3

reckless disregard for the fact that its compensation practices were in violation of these laws.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all similarly situated employees who join in this action demand:

A. Issuance of notice as soon as possible to all similarly situated individuals who have been employed by Defendant during the relevant statutory period;

B. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C. Judgment against Defendant for an amount equal to the unpaid back wages at the applicable overtime rates;

D. Judgment against Defendant that its violations of the FLSA were willful;

E. An equal amount to the overtime wages as liquidated damages;

F. All costs and attorney's fees incurred in prosecuting these claims;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Leave to amend the Complaint to add other defendants who are employers pursuant to 29 U.S.C. § 203; and

J. For all such further relief as the Court deems just and equitable.

Dated: February 22, 2010

NICHOLS KASTER, PLLP

/s/ Paul J. Lukas

Paul J. Lukas (MN Bar No. 22084X)
Rachhana T. Srey (MN Bar No. 340133)

Robert L. Schug (MN Bar No. 0387013)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Fax (612) 215-6870

ATTORNEYS FOR PLAINTIFF AND THOSE
SIMILARLY SITUATED