UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cristine Lyons, on behalf of herself and
all other similarly situated individuals,

                              Plaintiffs,

                                           Civ. No. 10-503 (RHK/JJK)
                                           **MEMORANDUM OPINION**
                                           **AND ORDER**

v.

Ameriprise Financial, Inc.,

                              Defendant.

---

Robert L. Schug, Donald H. Nichols, Nichols Kaster PLLP, Minneapolis, Minnesota, for Plaintiffs.

Melissa Raphan, Ryan E. Mick, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

Plaintiff Cristine Lyons, on behalf of herself and others similarly situated, brings this action against her former employer, Ameriprise Financial, Inc. ("Ameriprise"), alleging that the company violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), by failing to pay her and other employees overtime for time spent logging into and out of computer and telephone systems at the beginning and end of their scheduled shifts. Lyons now brings this Motion to (1) conditionally certify the case as a collective action, (2) authorize judicial notice to other potential class members, and

(3) compel Ameriprise to produce the names and contact information of all potential class members. For the reasons discussed below, the Court will grant Lyons's Motion.

## BACKGROUND

Ameriprise is in the business of financial planning and advice. It was formed in 2005 as a spin-off from American Express. (Underwood Dep. 16.) Lyons was employed by Ameriprise from January 2005 until November 2009. She worked in the company's Minneapolis client-service call center in the service-delivery group, which provides customer service via telephone to the company's financial advisors and clients.

Employees in the service-delivery group are generally classified as either "phone associates" or "coaches." Phone associates' duties consist primarily of fielding calls from advisors and clients. Coaches are more senior phone associates—they serve as resources for the phone associates in addition to handling calls themselves, and they often handle more complex calls. Lyons worked both as a phone associate and later a coach during her employment with Ameriprise. Both phone associates and coaches are classified as non-exempt employees under the FLSA, meaning they are paid on an hourly basis and are eligible for overtime. (Underwood Dep. 68.) Ameriprise employs approximately 200-210 call-center employees; approximately 170 work out of the Minneapolis client-service center while the rest work remotely. (Id. 34–35.)

Phone associates and coaches in the service-delivery group handle different types of calls based upon the "queues" in which they work. Each queue handles customer service for specific products or business lines, and some queues require employees to be licensed or certified to support those products. Regardless of the queue, however, each

service-delivery employee's primary job is the same: to answer phones and work through varying customer-service issues with advisors and clients. In order to perform their jobs, phone associates and coaches must log into a number of computer systems and a phone system.

Lyons and the nine other present or former Ameriprise service-delivery group employees who have opted into this lawsuit ("opt-in plaintiffs")[1] allege as follows: (1) they were required to be ready to take calls at the scheduled start-time of their shifts; (2) in order to be ready to take a call, they first had to log into their computers and the numerous systems they might need to access while assisting callers, as well as log into the phone system; (3) the login process took anywhere from five to twenty minutes each day; and (4) they also had to log out of the phone and computer systems at the end of their shifts, a process which took between three to five minutes and could not happen until after the shift's scheduled end.

---

[1] There is some dispute whether Angela White, an opt-in plaintiff, is properly included in the class. She worked as a client transition specialist, a position that was not originally part of the service-delivery group (White Dep. 52), but was reorganized into service delivery in early 2009. (Martell Aff. ¶ 1.) Lyons argued in her opening brief that she limited the putative class to only the service-delivery group based on Ameriprise's representations that the named plaintiff and all opt-in plaintiffs worked in that group. (Mem. in Supp. at 3, n.3.) She posited that if Ameriprise tried to argue that White was not similarly situated to the other plaintiffs, she would seek to expand the class to include all call-center employees. (Id.) Ameriprise does argue that White is not similarly situated. (Mem. in Opp'n at 25 n.11.) However, Lyons still moves the Court to conditionally certify only the class of call-center employees who are, or were, employed in Ameriprise's service-delivery group. The Court only considers conditional certification of the class Lyons has defined. Because the difference between 8 or 9 opt-in plaintiffs does not alter the analysis of the pending Motion, the Court need not address whether White is properly included in the class.

Lyons and opt-in plaintiffs self-reported their hours. They contend that they were instructed and trained to record only their scheduled shift time and *not* to record any pre-shift login time or post-shift logout time. As a result, Lyons claims that she and other Ameriprise employees worked overtime hours for which they were not compensated.[2] She commenced this lawsuit against Ameriprise, on behalf of herself and others similarly situated, seeking compensation for this unpaid overtime. She now moves for conditional certification of a class of current and former Ameriprise service-delivery group employees to proceed as a collective action under the FLSA.

## STANDARD OF DECISION

Employees may collectively sue an employer under the FLSA to recover unpaid overtime compensation. Section 216(b) of the FLSA governs certification of collective actions. 29 U.S.C. § 216(b). It provides that an action for unpaid overtime wages may be brought "by any one or more employees" on behalf of herself or themselves and "other employees similarly situated." Id. Unlike a Rule 23 class action, no employee is a party to an FLSA collective action unless "he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (Kyle, J.) (quoting 29 U.S.C. § 216(b)). This giving and filing of consent is known as the "opt-in" process. See West v. Border Foods, Inc., No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (Frank, J.).

---

[2] Lyons concedes that Ameriprise appears to have recently started paying employees for their login and logout time. Thus, her claim is only for compensation for unpaid time leading up to this recent change.

4

The fundamental inquiry in determining whether a collective action is appropriate under § 216(b) is whether plaintiffs are similarly situated. Heartland Auto., 404 F. Supp. 2d at 1149. "Unfortunately, [the FLSA] does not define the term 'similarly situated,' and there is little circuit law on the subject." West, 2006 WL 1892527, at *2; accord Heartland Auto., 404 F. Supp. 2d at 1149. Thus, courts determine whether plaintiffs are similarly situated by analyzing various factors on a "case by case basis." Ray v. Motel 4 Operating, Ltd. P'Ship, No. 3-95-828, 1996 WL 938231, at *3 (D. Minn. Mar. 18, 1996) (Kyle, J.). The burden to show they are similarly situated lies with the plaintiffs. Heartland Auto., 404 F. Supp. 2d at 1149.

Determining whether a collective action under the FLSA is appropriate is a two-stage process. E.g., Burch v. Quest Commc'ns Int'l, Inc., 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007) (Davis, J.); Kalish v. High Tech Inst., Inc., No 04-1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (Tunheim, J.). At the first stage, or the "notice stage," the plaintiff seeks conditional certification of the class for purposes of sending notification to other putative class members and conducting discovery. Conditional certification is granted based on an initial finding that the plaintiff(s) and others they purport to represent are similarly situated as required by § 216(b). "At this stage, plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." Burch, 500 F. Supp. 2d at 1186 (citations omitted). Granting conditional certification and authorizing notice merely allows plaintiffs to proceed as a class through discovery. Id. "Determination of class status at the notice stage is often liberally authorized since the court has minimal evidence for

5

analyzing the class." Ray, 1996 WL 938231, at *2 (citing Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 279 (D. Minn. 1992)). Conversely, the second stage occurs after discovery, usually when the defendant moves to decertify the class. Id. At the second stage, the court makes a factual determination whether the plaintiffs are indeed similarly situated based on more complete evidence and applying a stricter standard. Id.

## ANALYSIS

Here, Lyons and opt-in plaintiffs seek an Order conditionally certifying this case as a collective action and authorizing them to transmit notice to other potential class members to give them the opportunity to opt in. Hence, the Court is at the first stage of the process outlined above. Accordingly, it must only determine whether Lyons presents a colorable basis for her claim that a class of similarly situated plaintiffs exists.

As an initial matter, Ameriprise argues for a "heightened" or "intermediate" standard rather than the lenient standard typically applied at the first stage, since some discovery has been conducted. (Mem. in Opp'n at 11.) The Court rejects this suggestion. Lyons's burden at this stage "is not onerous." Dominquez v. Minn. Beef Indus., Inc., Civ. No. 06-1002, 2007 WL 2422837, at *2 (D. Minn. Aug. 21, 2007) (Kyle, J.). "Because the court has minimal evidence, [the first-stage] determination is made using a fairly lenient standard." Dominquez, 2007 WL 2422837, at *2 (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The discovery process has

begun here, but it is far from complete.³ Even in cases where the parties have engaged in some discovery, plaintiffs must show only a "colorable basis" to achieve conditional certification under the first stage of review. See West, 2006 WL 1892527, at * 3 ("[T]he discovery process has not been completed and, as such, we analyze the Plaintiff's Motion under the initial stage of review. At this stage, Plaintiffs need only show that there is a 'colorable basis' for their collective action.") (quoting Heartland Auto., 404 F. Supp. 2d at 1149).

"A colorable basis means that plaintiff[s] must come forward with something more than the mere averments in [their] complaint in support of [their] claim." Kalish, 2005 WL 1073645, at *2. Lyons asserts that she and opt-in plaintiffs and other putative class members are similarly situated because all were or are phone associates or coaches in Ameriprise's service-delivery group, all were paid in the same manner (non-exempt), all had the same job duties each day, and all were instructed or trained not to record their pre-shift login time or post-shift logout time. Lyons does not rely on "mere averments" from her Complaint or conclusory allegations. Rather, she submits declarations, deposition excerpts, and interrogatory responses in support of her assertions. (E.g., Schug Decl. Exs. 1, 3, 8.)

The declarations of four opt-in plaintiffs (Todd Boomer, Nessa Higgins, Cassondra Kominski, and Scott Rice) all tell the same story. (Id. Ex. 1.) They assert that they had to be ready to take calls at the start of each shift, which required logging into a

---

³ The ongoing discovery disputes alluded to by both Lyons and Ameriprise in their briefs need not be addressed by the Court for purposes of this Motion. Instead, they serve only to underscore that much discovery remains to be done.

number of systems before the shift's scheduled start time. They further assert that they performed login and logout procedures before and after their scheduled shifts based on training or instruction from others at Ameriprise, and none of them reported or received compensation for the login and logout time. (Id.) Deposition testimony by Lyons and three opt-in plaintiffs (Mark Anderson, Sharon Lambert, and Angela White) contains the same assertions as the opt-in plaintiffs' declarations. (Schug Decl. Ex. 3.) In short, Lyons and the opt-in plaintiffs have asserted that they were the victims of a common practice not to compensate employees for overtime hours spent logging into and out of computer and phone systems. Considering Lyons's "minimal burden at this stage of the proceedings," the Court finds that this evidence is sufficient to establish a colorable basis for her claims. Dominquez, 2007 WL 2422837, at *3 (quoting Dege v. Hutchinson Tech., Inc., Civ. No. 06-3754, 2007 WL 586787, at *2 (D. Minn. Feb. 22, 2007)).

Ameriprise ardently contests Lyons's evidence. It has submitted numerous affidavits, written policies, email communications, and other exhibits in support of its position that it did not require employees to log into or out of any systems off the clock. However, "the court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage." Burch, 500 F. Supp. 2d at 1186 (citing Dege, 2007 WL 586787, at *1); West, 2006 WL 1892527, at *3 (citing Severtson, 141 F.R.D. at 278–79). Ameriprise's arguments concerning the merits of Lyons's claims are inappropriate at this first stage of the certification process.

Ameriprise also argues that Lyons has failed to produce any evidence of a single policy or plan. Despite Lyons's lenient burden, conditional certification may be denied

8

where there is insufficient evidence of a common plan or policy to show that a class of similarly situated individuals exists. See Saleen v. Waste Mgmt., Inc., 649 F.Supp.2d 937, 943 (D. Minn. 2009) (Schiltz, J.); West, 2006 WL 1892527, at *9; Ray, 1996 WL 938231, at *5. However, this case differs markedly from previous cases in which this Court has denied conditional certification for failure to show a common policy or plan. For instance, in Ray, plaintiffs who had already joined the action were from five regions spanning at least thirty-nine properties in twenty different states. 1996 WL 938231, at *4. Similarly, the plaintiffs in West were employed at different store locations with different individual restaurant managers. 2006 WL 1892527, at *9. Conversely, Lyons and opt-in plaintiffs here seek conditional certification of a class of non-exempt call-center employees in the service-delivery group who work, or have worked, out of the Minneapolis client-service center during a three-year period.[4] Rather than encompassing employees who work in different physical locations as in Ray and West, the class Lyons seeks to certify is limited to only **one call center**. Although the exact size of this potential group is unclear, it appears to encompass somewhere between 200 and 400 employees.[5] (Schug Decl. Ex. 2 (Underwood Dep.) 35; Underwood Aff. ¶¶ 5, 8.) That the class here is limited to a relatively small number of employees at a single location

---

[4] Lyons's initial brief defines the class as "all call center employees who are, or were, employed by Ameriprise in its service delivery group at any time from three years prior to the date of issuance of notice and continuing to the present." (Mem. in Supp. at 2.) The reply brief, however, clarifies that in fact "Plaintiffs are seeking certification of claims involving *one call center* in Minnesota." (Reply Mem. at 11–12 (emphasis in original).)

[5] Lyons confirmed this at oral argument, asserting that the proposed collective is estimated to include between 300 and 400 people.

bolsters Lyons's claim that she and others similarly situated were victims of a common policy or plan.

Finally, in order for a case to be appropriate for collective-action status under the FLSA, the Court must be satisfied that there are other employees who desire to opt in. Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991); Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1164–65 (D. Minn. 2007) (Kyle, J.) ("[B]efore a conditional-certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to join the litigation."). Ameriprise argues that Lyons has failed to show sufficient interest in this lawsuit. (Opp'n Mem. at 27.) In the Court's view, there is adequate evidence that other similarly-situated employees may wish to opt into this case.

The existence of more than one or two plaintiffs in an FLSA case at the time of the conditional-certification inquiry has been found sufficient to warrant collective-action treatment, even without a showing that other individuals wish to opt in. Compare *In re RBC Dain Rausher Overtime Litig.*, No. 06-3093, 2010 WL 1324938, at *54 (D. Minn. Mar. 31, 2010) (Tunheim, J.) (certifying an FLSA collective action where ten former employees had joined the suit), with Parker, 492 F. Supp. 2d at 1165 n.4 (denying conditional certification where there were only two named plaintiffs and no evidence of others potentially interested). This Court opined in Parker that eight employees joining together in an FLSA action might make it unnecessary to show that others wanted to opt in "since the sheer number of plaintiffs, standing alone, could render the case 'appropriate' for collective-action status." 492 F. Supp. 2d at 1165 n.4. The same logic

applies to opt-in plaintiffs who have already chosen to participate in the case at the time conditional certification is sought. There is only one named plaintiff here, but an additional nine employees have already opted in. In the Court's view, this demonstrates sufficient interest in the case to render it appropriate for collective-action status.

Having determined that Lyons met her burden of demonstrating that a class of similarly situated plaintiffs exists and this case is appropriate for collective-action status under the FLSA, two related issues remain—the judicial notice and disclosure of putative class members' names and contact information. The Court first addresses the proposed judicial notice.

"Courts may facilitate the opt-in process by 'authorizing the named Plaintiffs . . . to transmit a notice [of the lawsuit] to potential class members.'" Dominquez, 2007 WL 2422837, at *2 (quoting West, 2006 WL 1892527, at *2); accord Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989). The power to authorize notice is discretionary and should be authorized only in "appropriate cases"—that is, in cases where the plaintiffs can make a threshold showing that they meet the criteria in § 216(b). Dominquez, 2007 WL 2422837, at *2 (quoting West, 2006 WL 1892527, at *2). Because Lyons has made such a showing, the Court will authorize notification.

As for the form of the notification, the Court is to ensure that notice is "timely, accurate, and informative." Sperling, 493 U.S. at 172. Lyons submitted a proposed notice with its Motion. (Schug Decl. Ex. 9.) Ameriprise had ample opportunity to raise any objections to the form of the proposed notice or notice procedures in its response to

the Motion and should have done so.[6]  Pursuant to the Court's request at oral argument, Ameriprise has now filed a letter outlining objections and requested changes to the proposed notice and consent form (Doc. No. 88), to which Lyons has responded (Doc. No. 89).  The issues Ameriprise has raised concerning the form of the notice—including the notice contents, proposed deadlines, methods of notification, etc.—will be referred to Magistrate Judge Keyes for resolution.[7]

Finally, the Court turns to Lyons's request that Ameriprise be compelled to produce each conditionally certified class member's name, job title, last known address and telephone number, last known email address, dates of employment, location of employment, employee number, and last 4 digits of social security number.  As with the proposed notice, Ameriprise failed to raise any objection to this request in its Opposition Memorandum as it should have done.  It attempted to remedy this omission by objecting to the scope of Lyons's demand in its letter to the Court responding to the proposed notice.  Since these arguments are not related to the topic the Court invited Ameriprise to comment on, the Court will not consider them.  The Court will grant Lyons's request for information, with the exceptions of telephone numbers and social security numbers.[8]

---

[6] Ameriprise declined to comment on Lyons's proposed notice in its Memorandum in opposition to this Motion.  Instead, it merely requested in a footnote that it be given an opportunity to comment *if* the Court were to certify the class. (Mem. in Opp'n at 35 n.13.)

[7] The Court is forwarding to Magistrate Judge Keyes for his review the materials filed by each party with respect to the form of judicial notice.

[8] At this juncture, telephone numbers and social security numbers seem to the Court unnecessary to facilitate notification.  In the event that Lyons encounters difficulty in verifying potential class members' addresses or contacting these individuals, she may renew her request for additional information.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Lyons's Motion for Conditional Class Certification (Doc. No. 23) is **GRANTED.** The following class is conditionally certified:

    **All non-exempt Ameriprise call-center employees who work, or have worked, out of the Minneapolis call-center in the service-delivery group at any time from three years prior to the date the notice is issued to the present**;

2. The matter is **REFERRED** to Magistrate Judge Keyes to resolve the parties' disputes regarding the form of the proposed judicial notice; and

3. Ameriprise shall produce to Lyons by October 1, 2010, a list of all putative members of the class conditionally certified herein, including their names, job titles, last known addresses, last known email addresses, dates of employment, locations of employment, and employee numbers. Lyons is directed not to make any use of such information until the form of the notice is approved by Magistrate Judge Keyes. The use of the information shall be limited to facilitating class notification.

Dated: September 20, 2010                       s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge